REGAN, Judge.
The plaintiff, Yancey Brown, filed this suit against the defendants, Daniel G. Doun-son and Frederick Knecht, the general contractor and owner respectively of certain real property located in 4800 Lurline Street, New Orleans, Louisiana, endeavoring to obtain judicial recognition of a lien recorded against this property in the amount of $600.00 and to recover that amount from the defendants personalty.
The defendants answered and in effect they generally denied the allegations of the plaintiff’s petition.
The lower court rendered judgment in favor of the plaintiff and against the defendants solidarity in the amount of $600.-00, and therein recognized the lien recorded by the plaintiff. From this judgment, both defendants have prosecuted this appeal.
The record reveals that on August 16, 1963, the defendant, Frederick H. Knecht, entered into a contract for the construction of a residence with the other defendant herein, Daniel G. Dounson, who was to act in the capacity of general contractor *875 thereon. The plans and specifications were annexed to the contract in the usual legal manner, and the contract was recorded in the mortgage office on August 16, 1963. Knecht required Dounson to provide a surety for the performance of the work and the payment of the labor and material used on the house; however, the surety, Marquette Casualty Company, later became insolvent. This latter fact is conceded by counsel for all of the litigants herein, and it has been recognized by us in other cases.[1]
Acceptance of the written contract was filed in the mortgage office on November 30, 1964, and plaintiff recorded his lien for labor furnished on the property on December 18, 1964. It is not disputed that the plaintiff’s lien was timely recorded.
The record reveals that the plaintiff was employed by Dounson to install the brick surfacing on the exterior of Knecht’s home. The plans also provided for a brick fireplace and planter boxes in the interior of the residence. It is undisputed that the foregoing woi-k was satisfactorily performed by the plaintiff and that he was compensated therefor in conformity with his agreement with Dounson.
The plaintiff’s present claim is for work performed in the installation of the stone facing on the fireplace. Neither of the defendants dispute the fact that $600.00 was the agreed price to be charged by the plaintiff, or that the plaintiff actually performed this work in a satisfactory manner.
However, each of the defendants endeavors to place liability of payment for plaintiff’s services upon the other. Doun-son contends that the stone facing on the fireplace was an “extra” in the contract and that he directed the plaintiff to obtain an agreement from Knecht, the owner, for the installation thereof. On the other hand, Knecht and the plaintiff insist that the contract was made by Dounson for the installation of the stone facing. In either event, the question of the liability of the contractor and owner inter se is of no consequence in connection with this appeal, since neither filed cross actions against the other in the lower court which would have afforded us the judicial opportunity of placing liability for the plaintiff’s claim, either upon Knecht, the owner, or Dounson, the contractor.
Therefore, the only question posed for our consideration is whether the judgment of the lower court was properly rendered against both defendants herein. To reiterate for the purpose of emphasis, it is essentially undisputed that the plaintiff agreed with either the owner or the contractor, or both, to install stone facing on the brick fireplace which he had previously constructed, and that the remuneration for his services would be the sum of $600.00. It is also undisputed that the plaintiff performed the work in a satisfactory manner. The only issue seriously disputed, as we have said, is whether the owner or the contractor should pay for the plaintiff’s services. Fortunately the statutory law of Louisiana clearly resolves this dispute.
R.S. 9:4806 reads in part as follows:
"If the bond is found to be insufficient in amount or not to have a proper and solvent surety, or if no bond has been furnished or recorded within the time hereinbefore provided, but the contract has been timely recorded, the owner shall be personally liable to sub-contractors, journeymen, cartmen, workmen, laborers, mechanics, furnish-ers of material, or any other persons furnishing labor, skill, or material on the said work who recorded and served their claims as provided in R.S. 9:4802, to the same extent as is the contractor, and the said personal liability as well as the privilege hereinabove provided for, shall remain in full force and effect for one year from the date of filing of such claim, as provided in R.S. *876 9:4802 unless interrupted by judicial proceedings.” (Emphasis added.)
A reading of the statute reveals that quo ad a sub-contractor, the owner of the property upon which the sub-contractor worked is liable to the same extent as the contractor thereon. Therefore, we are compelled to reach the inevitable conclusion that the plaintiff may recover the sum of $600.00 due him from both of the defendants in solido.
For the foregoing reasons the judgment of the lower court is affirmed. The defendants are to pay all costs incurred herein.
Affirmed.

. See Maryland Casualty Co. v. Marquette Casualty Co., 173 So.2d 868 (La.App.1965).